UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-20975-CIV-SEITZ/SIMONTON

**CONSENT CASE**

| | |
|---|---|
| LUIS SOLORZANO and all other similarly situated under 29 USC 216(B), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| M.I. QUALITY LAWN MAINTENANCE, INC. MITCHELL'S LAWN MAINTENANCE CORP., and MITCHELL IGELKO | ) ) ) ) ) ) |
| Defendants | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' CLAIM FOR EXEMPTION**

Comes Now Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Response in Opposition to Defendants' Claim for Exemption and in support thereof state as follows:

1. Plaintiff Luis Solorzano obtained a final judgment against Mitchell Igelko and Mitchell's Lawn Maintenance Corp in the amount of $13,556.00. [D.E. 153].

2. Plaintiff filed a motion requesting that a writ of garnishment after judgment as to Garnishee Intercontinental Bank be issued in the amount of $13,556.00 as to Mitchell Igelko, and Mitchell's Lawn Maintenance Corp. [D.E. 158].

3. The clerk issued said writ of garnishment on April 19, 2013 [D.E. 159] and Garnishee answered said writ on May 7, 2013 [D.E. 167]. Said answer advised that Garnishee Intercontinental Bank was indebted to Defendants as follows:

    1) Defendant M.I. Quality Lawn Maintenance, Inc. maintains a deposit account with Garnishee in the amount of $1,324.21.

    2) Defendant Mitchell's Lawn Maintenance Corp. maintains a deposit account with Garnishee in the amount of $11,031.54.

    3) Defendant Mitchell Igelko maintains a deposit account and certificate of deposit with Garnishee in the amount of $123,844.52.

4. The total amount in garnishee's possession is for $136,200.27. Garnishee also claims a set off in the amount of $11,031.54 against Mitchell Lawn Maintenance Corp., and $60,334.69 against Mitchell Igelko.[1]

5. On May 9, 2013, Defendants filed their claim for exemption. Defendants applied for the following exemption: "I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished."

6. There are at least three problems with claiming said exemption:

    1) Said exemption would only apply to an individual and not a corporation;

    2) Said exemption only applies to a writ of garnishment of wages or a continuing writ of garnishment on wages. The writ of garnishment issued in this case does not seek to garnish wages;

    3) The earnings from running a business do not constitute wages for the purpose of said exemption.

## Memorandum of Law

Two out of the three accounts subject to Plaintiff's Writ of Garnishment are corporate accounts. As noted above, the claim of exemption pursuant to Florida Statute 77.041 only applies

---

[1] Plaintiffs will address the issue of set-off in their forthcoming motion to disburse garnished funds.

to individuals and not to corporations. Florida Statute 77.041 specifically states "**Notice to individual defendant** for claim of exemption from garnishment; procedure for hearing (1) Upon application for a writ of garnishment by a plaintiff, **if the defendant is an individual**, the clerk of the court shall attach to the writ the following "Notice to Defendant" [Emphasis Added]. Florida Statute 77.041. Therefore, the claim for exemption claimed by Defendants cannot be applied to the corporation's funds being held by Garnishee, as said claims for exemptions only apply to individuals and not a corporation.

     Furthermore, the exemption claimed by Defendants is not applicable to the facts of this case. "I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, not but have agreed in writing to have **my wages garnished.**" [Emphasis added]. The application of a writ of garnishment as to wages or continuing writ of garnishment against wages can be found in Florida Statute 77.0305. In the case at hand, Plaintiff did not seek a writ of garnishment on wages, as the writ of garnishment was served on Garnishee Intercontinental Bank and not Mitchell's Lawn Maintenance Corp. or M.I. Quality Lawn Maintenance, Inc. Plaintiff is not garnishing wages, as Garnishee is not Defendants employer, Defendants cannot claim said exemption.

     Furthermore, said head of household exemption does not apply to an owner of a business such as the Defendant Mitchell Igelko, as the monies he may earn from the business do not constitute wages subject to the exemption.

> The applicable Florida statute considers "earnings" to represent monies paid or payable, in a sum certain, as a result of personal services or of labor performed, which may be identified as wages, salary, commission, or bonus. Fla. Stat. § 222.11(1)(a). To determine protection from garnishment under Fla. Stat. § 222.11(2)(b), the inquiry centers on whether or not compensation received falls under the rubric of salary resulting from employment or if it results from running a business. *Brock v. Westport Recovery*

> *Corp.*, 832 So.2d at 211. A debtor who owns or controls a business cannot obtain exemption of any monies he receives therefrom by simply calling it "wages"; the exemption also excludes any payments received as an independent contractor. *In Re Harrison*, 216 B.R. 451, 454-55 (S.D. Fla. 1997); *In re Zamora*, 187 B.R. 783, 785 (S.D. Fla. 1995); *In Re Manning*, 163 B.R. 380, 382 (S.D. Fla. 1994).

*Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, 2009 U.S. Dist. LEXIS 43100, 11-12 (S.D. Fla. May 15, 2009). Furthermore, the Court in *McDermott v. Chambers (In re McDermott),* 2011 U.S. Dist. LEXIS 18920 (M.D. Fla. Feb. 24, 2011) found that Robert McDermott's services were essentially those of running the Corporation rather than being employed by it. McDermott along with his wife and three other managers ran the Corporation and determined his yearly salary. The Court went on to state:

> In addition to the Brock case, the Bankruptcy Court noted two other similar cases where Florida courts had held, in essence, that where the debtor controls the timing and amount of distributions from a family owned business, those distributions do not qualify as "earnings" for purposes of Fla. Stat. §222.11. *See In re Manning*, 163 B.R. 380 (Bankr. S.D. Fla. 1994) and *see In re Zamora*, 187 B.R. 783 (Bankr.S.D. Fla. 1995).

*McDermott v. Chambers (In re McDermott),* 2011 U.S. Dist. LEXIS 18920 (M.D. Fla. Feb. 24, 2011). Furthermore, this Court in *Fed. Trade Comm'n v. Leshin,* 2011 WL 617500, followed the analysis of the Court's above and stated:

> …that earnings from a business controlled by a defendant are not exempt because they do not constitute "earnings" subject to exemption under Section 222.11(1)(a). *In re Zamora,* 187 B.R. 783, 784 (Bankr.S.D.Fla.1995); *In re Manning,* 163 B.R. 380, 382 (Bankr.S.D.Fla.1994); *Brock v. Westport Recovery Corp.,* 832 So.2d 209 (Fla.Dist.Ct.App.2002). As stated in *In Re Manning:*
>
> [A] debtor that owns or controls a business cannot exempt the funds he distributes to himself from the business simply by calling the money "wages." For the exemption to apply the debtor must not only perform personal services for the business, he must also receive regular compensation dictated by the terms of an arms-length employment agreement.

> *In Re Manning,* 163 So.2d, 382. This same analysis was applied in *In re Zamora,* 187 B.R. 783 (Bankr.M.D.Fla.1995) in which a debtor, who owned a law practice as a sole practitioner and a marina, was not eligible for the wage exemption where the debtor was in total control of the businesses, including the amount of his compensation and the terms of his employment, and there was no employment contract between the debtor and his businesses.

Fed. Trade Comm'n v. Leshin, 06-61851-CIV-UNGARO, 2011 WL 617500 (S.D. Fla. Feb. 15, 2011) report and recommendation adopted, 06-61851-CIV-UNGARO, 2011 WL 845065 (S.D. Fla. Mar. 8, 2011).

As this is a business owned and run by Mitchell Igelko, Defendants cannot claim that these funds (deposit account and certificate of deposit with Garnishee in the amount of $123,844.52) are the result of wages. Nor can Defendants claim that the monies in the two corporate accounts constitute wages.

Wherefore, as the exemption claimed by Defendants is not applicable, Plaintiff respectfully requests that the Court deny Defendants claim for exemption

    Respectfully Submitted,

    Daniel T. Feld, Esq.
    J.H. Zidell, P.A.
    Attorney For Plaintiff
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167

    By:_/s/ Daniel T. Feld _____
        Daniel T. Feld, Esq
        Florida Bar Number: 0037013

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response was sent via via CM/ECF on Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com on this 14th day of May 2013.

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167


By:_/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq
    Florida Bar Number: 0037013