Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case NO.: 10-20975-CIV-SEITZ/SIMONTON

CONSENT CASE

LUIS SOLORZANO )
)
    Plaintiff, )
)
v. )
)
M.I. QUALITY LAWN MAINTENANCE, )
INC., et al. )
)
    Defendants, )
)
and )
)
INTERCONTINENTAL BANK )
)
_____ )

FILED by __ D.C.

MAY 16 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**DEFENDANT'S *EX PARTE* MOTION TO
DIRECT CLERK TO COMPLY WITH FLORIDA STATUTE 77.041(3)**

Defendant MITCHELL IGELKO (the "**Igelko**"), pursuant to Federal Rule of Civil Procedure 69, section 77.041, Florida Statutes, and the Florida case law cited herein, moves this Court on an *ex parte* basis for an order directing the clerk to automatically dissolve the Writ of Garnishment issued against Igelko [D.E. 159], and in support states the following:

    1.    The undersigned will apply Florida law to the issues herein as required by this Court:

> Rule 69 of the Federal Rules of Civil Procedure states that proceedings in aid of judgment or execution shall be governed by the procedure of the state where the court is located. *See* Fed.R.Civ.P. 69(a)(1); *see also Orix Financial Services, Inc., v. Sims*, 2008 WL 681037 *1 (M.D.Fla. March 7, 2008). In addition, Fed.R.Civ.P. 69 requires that Florida law be applied to requests for writs of garnishment that are brought before the Federal Court. *Id.*

> Thus, the undersigned will apply the applicable Florida law to resolve the Motion to Dissolve the Writs of Garnishment.

*Great American Ins. Co. v. General Contractors & Const.*, 2008 WL 5056526 *3 (S.D. Fla. 2008) (Magistrate Simonton).

2.   The Florida Supreme Court held that when the relief requested is for a post-judgment writ of garnishment, the judgment-debtor is not entitled to either notice or a hearing before the issuance of said writ. *United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978) ("[N]either due process . . . nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue."); *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2001) (holding that a judgment debtor does not have a right to a hearing before issuance of the writ of garnishment).

3.   On April 19, 2013, Plaintiffs moved for and obtained a Writ of Garnishment against Igelko invoking section 77.041, Florida Statutes. [D.E. 158]

4.   Section 77.041(3), Florida Statutes, specifically provides as follows:

> Upon the filing by a defendant of a claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff does not file a sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim and request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

5.   Igelko filed and hand-delivered a claim of exemption as required by section 77.041, Florida Statutes, on Friday, May 9, 2013. [D.E. 168 & 168-1.]

6.   Within 3 business days after hand-delivery of Igelko's claim of exemption on May 9, 2013—i.e., May 15, 2013—Plaintiffs were required to file "a sworn written statement that contests [Igleko's] claim of exemption." § 77.041(3), Fla. Stat.

7. Plaintiffs failed to file said sworn statement and, instead, filed an unsworn response to same. [D.E. 170.]

8. Section 77.041, Florida Statutes, specifically provides that failure to file the sworn statement contesting the claim of exemption means that Plaintiffs are not entitled to a hearing and "the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. § 77.041(3), Fla. Stat.

9. Accordingly, the undersigned respectfully requests an order from this Court directing the Clerk to comply with section 77.041(3), Florida Statutes, and to automatically dissolve the Writ of Garnishment [D.E. 159] and notify the parties by mail of said dissolution.

WHEREFORE, Defendant, MITCHELL IGELKO respectfully requests this Honorable Court issue an Order directing the Clerk to comply with section 77.041(3), Florida Statutes, t to automatically dissolve the Writ of Garnishment [D.E. 246], and to notify the parties by mail of said dissolution, and for such further relief this Court deems just and proper.

**[DATE AND SIGNATURE BLOCK NEXT PAGE.]**

Dated this 16th day of May, 2013.

                                Respectfully submitted,

By:    /s/ Daniel A. Espinosa
       Daniel A. Espinosa, Esq.
       Florida Bar No. 81686
       **ESPINOSA | JOMARRON**
       Counsel for the Defendants
       4300 Biscayne Boulevard, Suite 305
       Miami, Florida 33137
       Telephone:   (305) 717-7530
       Facsimile:    (305) 717-7539
       E-mail: despinosa@ejtrial.com