## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>CONSENT CASES</u>

LUIS SOLORZANO,

      Plaintiff,

                                   CASE NO. 10-20975-CIV-SIMONTON

v.

M.I. QUALITY LAWN MAINTENANCE, INC., *et al.*,

      Defendants.

_____/

EDEL LEON, *et al.*,

      Plaintiffs,

                                   CASE NO. 10-20506-CIV-SIMONTON

v.

M.I. QUALITY LAWN MAINTENANCE, INC., *et al.*,

      Defendants,

_____/

### <u>ORDER DISSOLVING WRITS OF GARNISHMENT AS TO MITCHELL IGELKO</u>

      This matter is before the Court following the May 21, 2013 hearing on Defendant's *Ex Parte* Motion to Direct Clerk to Comply with Florida Statute 77.041(3) (DE # 263, 172).[1] The Court has considered that motion, Plaintiffs' response (DE # 268), the Defendant's Claim of Exemption (DE # 255-1, 168-1), Plaintiffs' Response to Defendant's Claim of Exemption (DE # 259, 178) and the arguments of counsel.  For the reasons set forth below, the Court will grant Defendant's motions and dissolve the writs of garnishment as to the account held by Defendant Mitchell Igelko individually.

_____

      [1]Identical documents have been filed in the above-styled cases.  The docket entry numbers cited herein are listed respectively for Case No. 10-20506, followed by Case No. 10-20975.

I.     **BACKGROUND**

Following a jury trial in the above-referenced cases, Plaintiff Luis Solorzano

obtained a final judgment against Mitchell Igelko and Mitchell's Lawn Maintenance Corp.

in the amount of $13,556.00 (DE # 153); Plaintiff Edel Leon obtained a final judgment

against Mitchell Igelko, M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn

Maintenance Corp in the amount of $70,800 (DE # 242); and Plaintiff Javier Gonzalez

obtained a final judgment against Mitchell Igelko, Mitchell's Lawn Maintenance Corp in

the amount of $71,360 (DE # 242).  These Plaintiffs filed Motions for Issuance of Writs of

Garnishment on April 19, 2013 (DE ## 245, 158) pursuant to Florida Statute 77.03 naming

Intercontinental Bank as Garnishee.[2]  That same day, the Clerk of the Court issued two

Writs of Garnishment directed at Intercontinental Bank requiring it to serve an answer

within twenty days after service as to whether the Defendants maintained bank accounts

and in what sum.  (DE ## 246, 159).  Also on that same day, Plaintiffs filed their "Notice

of Filing Statutory Notice," which included as attached exhibits the Motion for Writ, the

Writ and a "form" for Defendant to file a claim of exemption pursuant to Florida Statute

77.041.  (DE ## 249, 163).

Garnishee Intercontinental Bank filed its answered on May 7, 2013, advising that:

Defendant M.I. Quality Lawn Maintenance, Inc. maintained a deposit account in the

amount of $1,324.21; Defendant Mitchell's Lawn Maintenance Corp. maintained a deposit

account in the amount of $11,031.54; and Defendant Mitchell Igelko maintained a deposit

account and certificate of deposit with Garnishee in the amount of $123,844.52.  (DE ##

---

[2]Plaintiffs Leon and Gonzalez maintained that Mitchell Igelko and Mitchell's Lawn Maintenance Corp. owed $142,160 and M.I. Quality Lawn owed $70,800.  (DE # 245). Plaintiff Solorzano asserted that Mitchell Igelko and Mitchell's Lawn Maintenance Corp. Owed $13,556.00.  (DE # 158).

254, 167).  Attorney Maxine Long also entered her appearance as attorney of record for Garnishee Intercontinental Bank on May 7, 2013 (DE ## 253, 166).  Two days later, on May 9, 2013, Defendant Mitchell Igelko filed with the Court a "Notice of Filing Defendant's Claim of Exemption Against Garnishment of Wages, Money and Other Property and Request for Hearing."  (DE ## 255, 168).  The Notice provided that "Igelko hereby claims an exemption under head of family wages because he provides more than one-half of the support for a child or other dependent, has net earnings of more than $750 per week, but has not agreed in writing to have his wages garnished."  (DE # 255, ¶1; 168,  ¶1).  Attached as an exhibit to the Notice was a completed copy of the "form" Plaintiffs attached to their statutory notice.  The form was sworn to and signed before a Notary by Mitchell Igelko and has an "X" next to the exemption 1.b, which is the head of family exemption.  (DE ## 255-1, 168-1).  The Certificate of Service for that Notice indicated that it was served by hand delivery to Jaime H. Zidell on May 9, 2013, and by CM/ECF to all other counsel of record that same day.  (DE ## 255, 168).

On Sunday, May 12, 2013, the Court scheduled a telephone status conference to discuss Defendant's Notice for the following day, Monday, May 13, 2013.  (DE # 258).  Plaintiffs' counsel contacted the undersigned on May 13, 2013, to reschedule that hearing to May 14, 2013, due to counsel's illness.  After rescheduling the hearing, the Court's obligations with respect to the criminal duty calendar prevented the Court from having the time necessary to conduct the hearing.  Because Plaintiffs' counsel's office was closed on May 15 and 16, the Court rescheduled the hearing for Friday, May 17, 2013 at 3:30 pm.

On May 14, 2013, Plaintiffs filed their "Response[s] in Opposition to Defendant's Claim of Exemption."  (DE ## 259, 178).  The response indicated that the claim of

3

exemption was improper for several reasons.  First, such a claim can only be advanced by an individual, not a corporation.  Second, the exemption only applies to wages, and the garnishment herein did not seek to garnish wages.  Finally, Plaintiffs argued that earnings for running a business are not wages.  (*See, e.g.,* DE # 259, ¶7).  The Responses were not made under oath or sworn.

On May 16, 2013, Defendant Mitchell Igelko filed an *Ex Parte* Motion to Direct Clerk to Comply with Florida Statute § 77.041(3), which the Clerk of Court filed under seal.  (DE ## 263, 172).  Defendant argued that Plaintiffs failure to file a "sworn" response to the claim of exemption required the Clerk of the Court to automatically dissolve the Writ of Garnishments in this case pursuant to Florida Statute § 77.041(3).  On May 17, 2013, the Court directed the Clerk of the Court to unseal those motions.  (DE ## 264, 173).  At the hearing that same dy, the Court ordered Plaintiff to respond to the Defendant's motions by Monday, May 20, 2013, and set a hearing on the motions for Tuesday, May 21, 2013.  (DE ## 266, 175).

Plaintiffs' Response suggests that dissolving the writ is not appropriate here. (DE # 268).  Without responding to Defendant's argument that they were required to file a "sworn" response, Plaintiffs argue that Defendant's exemption does not apply here because Plaintiff's do not seek to garnish any wages.  They further argue that they complied with Florida Statute § 77.041(1) because they "timely filed their objection to the claim for exemption."  (DE # 268, ¶9).[3]

At the May 21, 2013 hearing, the parties advanced many of the same arguments

---

[3]They also argued that the claim of exemption was not valid because it was not served on the Garnishee.  This argument is rejected without further discussion because the Court's CM/ECF record reflects that the claim of exemption was served on counsel for the garnishee.  (*See, e.g.,* DE # 168).

4

from their prior submissions to the Court.  Counsel for Plaintiffs also conceded that he did not file a sworn response, but continued to argue that he was not required to because he did not seek to garnish any wages from Defendant Mitchell Igelko.  During a discussion on the scope of Defendant Mitchell Igelko's claimed exemption, defense counsel acknowledged, for the first time, that the claimed exemption might not extend to the entire sum identified in Intercontinental Bank's Answer.  They argued that because the "form" they filled out and Mitchell Igelko swore to did not contain a place to identify the portion of funds held by Garnishee subject to the exemption, they assumed that amount would be determined later, if and when Plaintiffs properly objected to the exemption.  As Plaintiffs failed to properly object by filing sworn responses as required by Florida Statute 77.041(3), Defendants argued the Court must dissolve the Writs of Garnishment as to Mitchell Igelko.[4]

## II.    LEGAL STANDARD

Rule 69 of the Federal Rules of Civil Procedure states that proceedings in aid of judgment or execution shall be governed by the procedure of the state where the court is located.  See Fed. R. Civ. P. 69(a)(1); *Great Am. Ins. Co. v. Gen. Contractors & Const. Mgmt., Inc.*, No. 07-21489, 2008 WL 5056526, *3 (S.D. Fla. Nov. 21, 2008).  Rule 69 also provides that Florida law governs requests for writs of garnishment that are brought before the Courts of this District.  Fed. R. Civ. P. 69(a)(1).  Thus, the undersigned will apply the applicable Florida law to resolve Defendant's *Ex Parte* Motion to Direct Clerk to Comply with Florida Statute § 77.041(3).

---

[4]Defense counsel did not claim an exemption as to Defendants M.I. Quality Lawn Maintenance, Inc. or Mitchell's Lawn Maintenance Corp.  Defense counsel conceded at the hearing that should the Court dissolve the Writs of Garnishment in this case, that dissolution should only pertain to Defendant Mitchell Igelko and the Writs should remain in place as to the corporate Defendants.

Two chapters of the Florida Statutes are at issue here: Chapter 77 sets forth general procedures for garnishment while Chapter 222 exempts certain assets and sources of income from garnishment.  *See* Fla. Stat. §§ 77.01, *et seq.,* and Fla. Stat. §§ 222.01, *et seq.*  Both chapters establish almost identical procedures for filing and challenging claims of exemptions.  Pursuant to section 222.12, once a defendant serves an answer to the writ of garnishment claiming exemptions:

> if the facts set forth in such affidavit are not denied under oath within 2 business days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued....

§ 222.12.  Section 77.041 provides:

> If the plaintiff does not file a sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim and request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

§ 77.041(3).  As explained by a Florida court of appeals, the statutes interrelate and are to be read *in pari materia*, with the more specific statute to govern the more general one. *Cadle Co. v. Pegasus Ranch, Inc.*, 920 So.2d 1276, 1278-79 (Fla. Dist. Ct. App. 2006).

III.   **LEGAL ANALYSIS**

The pertinent facts necessary to resolve Defendant's motions are not in dispute. Defendant Mitchell Igelko timely submitted a claim of exemption on May 9, 2013.  He used the form provided by Plaintiff, which is the same form set out in Florida Statute § 77.041(1).  He filed his claim of exemption with the Court and served a copy by hand delivery to Plaintiffs' counsel on May 9, 2013.  All other attorneys of record, including the attorney for Garnishee Intercontinental Bank, were served through the court's CM/ECF

system that same day.  While Plaintiffs filed their response to the claim of exemption within three business days on May 14, 2013, the response was not a "sworn written statement" contesting the exemption or a denial "under oath" of the facts advanced by Defendant in the exemption.  Florida Statutes § 77.041(3) and § 222.12.

Pursuant to all of the authorities cited by the parties as well as those that the undersigned located, the Writ of Garnishments issued in this case automatically dissolve for Plaintiffs' failure to file a "sworn" response or one "under oath."  *See, e.g., Great Am. Ins. Co.*, 2008 WL 5056526, *4.  Plaintiffs nonetheless argue that the Court should not dissolve the Writs for several reasons the Court can easily reject, only two of which merit mention here.

Plaintiff first argues that they complied with Florida Statute § 77.041(1) because that section does not require a sworn response to a claim of exemption.  Plaintiffs, however, misunderstand the operation of § 77.041.  The tile of that section is "Notice to individual defendant for claim of exemption from garnishment; procedure for hearing[.]"  Fla. Stat. § 77.041.  Subsection (1) sets out the "Notice" contemplated in that title.  It contains a verbatim "Notice" to the defendant that the Clerk of the Court must attach to the Writ of Garnishment.  Contained within that "Notice" is a general description of how the garnishment process will unfold after the defendant files a claim of exemption.  Subsection (3) on the other hand sets out the procedures for a hearing on a claimed exemption.  After noting that a hearing will be held a soon as practicable upon the filing of a claim of exemption, the statute makes clear that no hearing is needed "[i]f the plaintiff does not file a sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim[.]"  Fla. Stat. § 77.041(3).  Thus, in contrast to the information tone of subsection (1), subsection (3) sets

forth specific requirements for a plaintiff and explicitly describes the consequences of a failure to act.  While Plaintiffs would like the Court to focus solely on the language of subsection (1), the most basic canons of statutory construction do not permit the Court to ignore the plain language of subsection (3).  *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir.2001)("[w]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete.").  Under subsection (3), Plaintiff was required to file a sworn statement within three business days, which it failed to do.  No amount of reliance on subsection (1) alters that conclusion.  Plaintiffs' argument must therefore be rejected.

Plaintiffs also argue that they were not required to file a sworn statement because they are not seeking to garnish wages in this case.  Similarly, Plaintiffs maintain that the head of household exemption relied on by Defendant Mitchell Igelko does not apply to an owner of a business because that income is not considered "wages."   (DE # 268 at 4-5).  Plaintiffs, however, fail to appreciate the nature of the arguments that they have advanced.  The claim of exemption in this case provides that Mitchell Igelko claims an exemption from garnishment under the "Head of family wages" because he provides more than one-half of the support for a child, has net earnings in excess of $750 per week and has not agreed in writing to have his wages garnished.  (*See, e.g.,* DE # 255-1).  In other words, he asserts in his sworn claim of exemption that the monies held by Garnishee Intercontinental Bank are wages not subject to garnishment.  Plaintiffs cannot counter this factual assertion by merely arguing that the funds held by the garnishee are not what Defendant Mitchell Igelko stated in his sworn statement.  Instead, they were required to contest those facts by a sworn statement or a denial under oath.  Facts, not arguments, were what the statutes required here.  Plaintiffs' failure to comply with those

8

statutes requires dissolution of the Writs of Garnishment.

      IV.     <u>CONCLUSION</u>

      Based on the foregoing analysis, Defendants *Ex Parte* Motions to Direct Clerk to Comply with Florida Statute 77.041(3) (DE ## 263, 172) are **GRANTED** and the Court hereby **DISSOLVES** the Writs of Garnishment (DE ## 246, 159) as to the account held by Mitchell Igelko individually.

      **DONE AND ORDERED** in chambers in Miami, Florida, on May 21, 2013.

 

                                      *Andrea M. Simonton*
                                    **ANDREA M. SIMONTON**

Copies furnished via CM/ECF to:       **UNITED STATES MAGISTRATE JUDGE**
All counsel of record